IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LATASHA NASHEED**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-1575-L** |
| | § | |
| **OCWEN LOAN SERVICING, LLC AND DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee for GSAMP TRUST 2004-NC2,** | § § § § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 4), filed June 20, 2016. No response to the motion was filed. After carefully considering the motion, pleadings, and applicable law, the court **grants** Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 4) and **dismisses with prejudice** this action. The court also **denies as moot** Plaintiff's request for injunctive relief.

**I.   Procedural and Factual Background**

This is a mortgage foreclosure case that was originally brought by Plaintiff Latasha Nasheed ("Plaintiff" or "Nasheed") on April 29, 2016, in the 193rd Judicial District Court, Dallas County, Texas, against Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2004-NC2 ("Deutsche") (collectively, "Defendants") seeking a declaratory judgment that Defendants cannot foreclose on her property because they

abandoned or waived the acceleration of her loan on the property. Nasheed also requests a temporary restraining order and injunction to prevent the foreclosure scheduled for May 3, 2016.

Defendants removed the action to federal court on June 13, 2016, and moved to dismiss this action under Rule 12(b)(6) on June 20, 2016. As noted, Nasheed did not respond to the motion to dismiss. For the reasons herein discussed, the court concludes that Defendants' motion to dismiss should be granted.

## II.     Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer

more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint
**Memorandum Opinion and Order - Page 3**

are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### III.   Analysis

Nasheed's sole basis for relief is a declaration that Defendants cannot foreclose on her property because, on April 18, 2016, they abandoned or waived acceleration of her loan on the property when they demanded an amount less than the full amount due under the loan. In their motion to dismiss, Defendants contend that the documents attached to Plaintiff's Original Petition ("Petition") and relied on by her are insufficient as a matter of law to support a finding of waiver or abandonment under Texas law. The court agrees.

Under Texas law, the issue of whether a lender has abandoned an earlier acceleration is determined by traditional waiver principles. *Boren v. United States Nat'l Bank Ass'n*, 807 F.3d 99,

105 (5th Cir. 2015). An earlier acceleration is waived when the lender "put[s] the debtor on notice of its abandonment . . . by requesting payment on less than the full amount of the loan.'" *Id.* (citation omitted). Waiver requires: "(1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right." *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008) (internal quotation marks omitted)). Waiver can either be express as the result of a "clear repudiation of the right" or implied from "conduct inconsistent with a claim to the right." *G.T. Leach Builders, LLC v. Sapphire V.P.*, LP, 458 S.W.3d 502, 511 (Tex. 2015). Waiver is decided as a matter of law when the facts regarding a party's waiver of rights are undisputed. *Id.*

In response to the motion to dismiss, Plaintiff relies on a case out of the Southern District of Texas involving the same defendants in this case to support her contention that Defendants abandoned the acceleration of her loan. The undisputed facts of this case, however, do not support such a conclusion. Here, the documents attached to the Petition establish that Ocwen, as mortgage servicer for Deutsche, sent Nasheed a Notice of Acceleration on March 28, 2016. The Notice of Acceleration reflects that Nasheed was previously advised on January 21, 2015, that she was in default under the Note or Deed of Trust, and that Ocwen intended to accelerate the maturity date of the Note if the default was not cured within a specified time frame. The Notice of Acceleration states that Ocwen as the mortgage servicer:

> rescinds all prior acceleration notices. The rescission of prior acceleration notices does not act as a waiver of any rights nor does the rescission(s) suspend the current rights or claims of [Deutsche], its successor or assigns. [Deutsche] reserves the right to accelerate in this notice or in a separate notice and may continue to collect the debt owed by [Nasheed].

Pl.'s Orig. Pet., Ex. 2 at 3. The Notice of Acceleration goes on to explain that, because Nasheed's prior default was not cured, "notice is hereby given that the present mortgage holder <u>HAS ACCELERATED THE MATURITY DATE OF THE NOTE</u>" and, as a result, "the entire unpaid principal balance of the Note and all accrued interest" is due and payable. *Id.* According to the Notice of Acceleration, the total amount of $276,743.37 was due as of March 30, 2016. The Notice of Acceleration includes a reinstatement amount of $114,792.30 but makes clear that payment of the total amount due under the loan, together with interest and attorney's fees before May 3, 2016, was required to stop the foreclosure sale scheduled for that date.

On April 18, 2016, Ocwen sent Nasheed a mortgage account statement. Like the Notice of Acceleration, the mortgage account statement includes a reinstatement amount of $116,704.42 as of April 18, 2016. The mortgage account statement also unequivocally states in two different places, however, that the total amount due under the loan as of April 18, 2016, was $277,422.13, and there is nothing in the statement that would support a determination by the court that Defendants expressly or implied intended to waive or abandon the right to acceleration or foreclosure if Nasheed paid any amount less than the total amount due by May 3, 2016. Pl.'s Orig. Pet., Ex. 3 at 1. The court's conclusion in this regard is further supported by the following language in the statement:

> Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for information purposes only. . . . Your loan has been accelerated (the past due balance, all fees, and your remaining principal balance is now due in full). This statement is not considered a payoff quote—you are still responsible for any additional fees and expenses that post to your account.

*Id.*

Thus, while the Notice of Acceleration and mortgage account statement include reinstatement amounts, the express language in both makes clear that Defendants did not intend to waive their

**Memorandum Opinion and Order - Page 6**

acceleration rights, and only Plaintiff's payment of the entire amount due and owing under the Note, including interest and fees, before May 3, 2016, would have been sufficient to stop the foreclosure sale of the property scheduled for that date. The court, therefore, concludes that Plaintiff's waiver or abandonment argument fails as a matter of law. As this is the only basis that Plaintiff relies on for relief, Defendants are entitled to dismissal of this declaratory judgment action with prejudice, and Plaintiff's request for injunctive relief is moot.

## IV.     Amendment of Pleadings

The court has concluded that her request for declaratory relief fails as a matter of law. Accordingly, no amount of artful or creative pleading of facts will permit her to state a claim upon which relief can be granted, and any attempt to amend her request for declaratory relief based on waiver of acceleration would be futile and unnecessarily delay the resolution of this action. Further, Nasheed did not respond to the Defendants' motion to dismiss or request to amend her pleadings. The court, therefore, will not allow her an opportunity to amend her pleadings.

## V.     Conclusion

For the reasons stated, the basis for Plaintiff's request for declaratory relief fails as a matter of law. The court, therefore, **grants** Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 4) and **dismisses with prejudice** Plaintiff's request for a declaratory judgment. The court also **denies as moot** Plaintiff's request for injunctive relief. The court will enter a judgment by separate document pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**It is so ordered** this 28th day of July, 2016.

                                          Sam A. Lindsay
                                          United States District Judge